SEABORN GILMORE, CHIEF JUSTICE, &C., v. KESIAH HAYWORTH AND ANOTHER.

Where a tract of land was donated to a county for a county seat, "or for what other use the county may see proper to convert the same," and subsequently the county seat was removed from the tract to another location; *held*, that the removal of the county seat did not raise a resulting trust in favor of the donor or his heirs. *Held*, further, that such a donation by deed vested in the county an absolute title to the land, which did not revert to the donor or his heirs upon the removal of the county seat.

See this case for a distinction taken between a use declared in a deed and the motive or consideration which induced its creation;—the former may subsist, although the latter may have failed.

As a *donation* can have no consideration, there can be no such thing as a failure of its consideration.

The acceptance by a county of a donation of land for the county seat, does not constitute a contract that the county will continue its county seat thereon, and the removal of the county seat therefrom will not entitle the donor to recover the land, unless the donation was limited to that particular use or purpose.

APPEAL from Tarrant. Tried below before the Hon. Nat. M. Burford.

William Norris and Rebecca, his wife, on the 24th of February, 1854, donated by their deed forty acres of land to the county of Tarrant for the county seat, " or for what other use the county may see proper to convert the same." In November, 1856, the county seat was removed from Birdville (the location on the land so donated) to Fort Worth.

On the 12th day of December, 1856, the appellees, Kesiah Hayworth and Rebecca Norris, as " executrixes and heirs at law of William Norris," then deceased, instituted this suit for the recovery of so much of the land as had not been alienated by the county. They alleged in their petition "that the only consideration which the said William Norris and Rebecca, his wife, had received from said Tarrant county for said donation, was the location of the county site upon the same," and prayed that the title to so much of the land as had not been alienated by the county might be decreed to them and the other heirs of William Norris.

The defendant demurred and answered with a general denial, and for further answer alleged that the donation was an absolute gift.

There was verdict and judgment for the plaintiffs, and the defendant appealed in behalf of the county.

*John J. Good,* for appellant.

*J. W. Ferris,* for appellee.   1st. It is assigned as error that the court erred in his charge to the jury.   It is well settled that " where the whole of the estate is conveyed or devised, but for particular objects and purposes, and those objects or purposes by accident or otherwise fail, a resulting trust will arise for the benefit of the grantor, &c.   (2 Story, 634; 4 Kent's Com., 307, 4th ed.) This in substance was the charge of the court.   The conveyance in this case was regarded, not as *conditional* as argued by appellant's counsel, but as an absolute conveyance for a particular purpose, which purpose having failed, a trust is raised in favor of the grantors, and the conveyance was subject to be defeated.

2d. The verdict of the jury is sustained by the evidence, at least sufficiently so as not to authorize a reversal.   The object of this grant was clearly for the purposes of a county seat, and for no other purpose.   The term " or for what other use the county may see proper to convert the same," evidently was intended to mean *uses* pertaining to a county seat.   No other uses could have been contemplated.   All this, however, was peculiarly within the province of a jury, selected from the county and who were conversant with the facts, to decide.

The county has abandoned the property for all county purposes, and equity will decree a return of the unappropriated land to the donors.

ROBERTS, J.   It is unnecessary to notice the uncertainty of the petition, verdict and decree, in ascertaining the particular parts of the land sought to be recovered, as the important question arising upon the deed of donation must determine the case.

There will be a " resulting trust when the purposes for which

an estate has been conveyed fail, by accident or otherwise, either in whole or in part, or if a surplus remains after the purposes of the trust are satisfied." (4 Kent's Com., 307.)

This is the principle which is invoked to sustain the verdict and judgment in this case. But an examination of the deed will show that it is not applicable. The deed donates the land to " the county of Tarrant "—" to have and to hold the same forever for a town site, on which the town of Birdville, the county seat of Tarrant county, is now located, *or for what other use the county may see proper to convert the same.*" Now the fact that the county seat of Tarrant county remained at Birdville for several years, and was afterwards removed six miles to Fort Worth, does not raise a resulting trust in favor of the donors for that part of this tract which remains unsold in lots by the county. For as to the streets and public squares that may have been dedicated in the plan of the town, the lot holders as well as the public may have an interest. (Campbell County Court v. Town of Newport, 12 B. Monroe's R., 538.) And as to the balance, the county has a right, under the express terms of the deed, to convert it to what use it may see proper. A distinction must be taken between the use declared in the deed and the motive or consideration which prompted the donation. The latter may have in whole or in part failed, but the former has not. Being a donation, there was no legal consideration, and therefore there could be no failure of consideration. The motive of the donors may have been the enhanced price in the sale of their adjoining lands. They may have realized that, while the town remained at Birdville, or they may not. That is a consideration speculative in its nature, and not a legal consideration, upon which the deed was based; and therefore no consideration in law at all. The county is not bound by contract to continue its county seat at one place, with persons who make donations for the benefit of the county seat. And if in any case it should lose the right to retain land donated, upon its removal, it would not be upon the principle of a breach of contract, which would authorize a recision; but it would be on account of receiving a donation of land limited to a particular use or purpose which had failed. (Armstrong v. Bd. of Coms., 4 Blackf., 218.)

We are of opinion that this deed was an absolute donation for any use, and that a removal of the county seat did not give appellees a right to recover the land back.

Judgment reversed and cause remanded.

Reversed and remanded.

WHEELER, C J., dissenting.