## CITY OF BOSTON *vs.* J. T. BALDWIN.

Suffolk. March 10. — May 11, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

A member of the common council of the city of Boston is not competent to sit as a juror in a case to which the city is a party.

TORT. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

One Henkle had recovered judgment against the plaintiff for a defect in a sidewalk in Boston, caused by a coal-hole cover. The plaintiff sought in this action to recover of the defendant the amount of said judgment, on the ground that the coal-hole belonged to a house owned by the defendant.

After the close of the evidence, and during the closing arguments, it was ascertained for the first time by the respective counsel that one of the jury trying the case was a member of the common council of the city of Boston. The defendant contended that the case should be withdrawn from the jury. The judge allowed it to go to the jury, suggesting to the defendant that he

should have the benefit of the objection to the juror in question on a motion for a new trial, or by a bill of exceptions. The jury returned a verdict for the plaintiff. The defendant filed a motion for a new trial, alleging the incompetency of said juror to try the case.

On the hearing of this motion, the judge found that the juror was a member of said common council, elected thereto in December, 1883; that he was not a member of the committee on claims or ordinances; that the city council had never taken any formal action in regard to this suit; and further, that the defendant was not chargeable with laches in respect to the discovery of the facts relative to said juror. The judge ruled, as matter of law, that the city council of Boston possessed authority and control over all suits brought or prosecuted by or against said city; that, as a member of the common council, the juror was incompetent, by reason of such membership, to sit as a juror in this case, and granted the motion. The plaintiff alleged exceptions.

*T. M. Babson*, (*A. J. Bailey* with him,) for the plaintiff.

*W. E. L. Dillaway*, for the defendant.

MORTON, C. J. We understand the question intended to be raised by the bill of exceptions in this case to be whether, the objection being seasonably taken, it is competent for a member of the common council of the city of Boston to sit as a juror in a case to which the city is a party.

At common law, the fact that a juror is an inhabitant of a city or town which is a party to a suit is a sufficient cause of challenge. Blackstone says: "Jurors may be challenged *propter affectum*, for suspicion of bias or partiality. . . . . A principal challenge is such, where the cause assigned carries with it *prima facie* evident marks of suspicion, either of malice or favor: as, that a juror is of kin to either party within the ninth degree; that he has been arbitrator on either side; that he has an interest in the cause; that there is an action depending between him and the party; that he has taken money for his verdict; that he has formerly been a juror in the same cause; that he is the party's master, servant, counsellor, steward, or attorney, or of the same society or corporation with him: all these are principal causes of challenge; which, if

true, cannot be overruled, for jurors must be *omni exceptione majores.*"   3 Bl. Com. 363.

Our statutes have changed the common-law rule by the provision, that " no juror shall be disqualified by reason of being an inhabitant of the city of Boston."   Pub. Sts. *c.* 160, § 13.   The purpose of the statute was to remedy the great inconvenience arising in Boston from the application of the rule that the minute pecuniary interest which an inhabitant has in the result of a suit by or against the city operates to disqualify him as a juror.

The juror in the case at bar was not disqualified merely because he was an inhabitant of Boston.   But he occupied a position or relation towards the cause and the parties different from that occupied by the ordinary inhabitant.   He was a member of the common council, a branch of the government of the city. The municipal government has authority and control over all suits brought or prosecuted by or against the city.   It represents the city, and is the guardian and protector of its rights. It was the duty of the juror in question, as a part of the government, to guard and protect the rights of the city.   This relation to the city is inconsistent with his serving as a juror in the suit.   It would not only create a suspicion of bias, but would naturally tend to create a bias or prejudice in his mind in favor of the city.   There can be no certainty that a juror thus situated can stand indifferently and impartially between the parties.   The statute does not cover the case, and there is no necessity that members of the city government should act as jurors in cases to which the city is a party.

*Exceptions overruled.*