**Richmond.**

KEHRER v. RICHMOND CITY.

APRIL 22d, 1886.

1. MUNICIPAL CORPORATIONS—*Grading streets—Damages.*—Such corporation, acting within scope of its powers with reasonable care and skill, in opening, grading and improving its streets, is not liable to the adjacent owner whose land is not actually taken, for consequential damages to his premises, unless there is a provision in its charter, or in some statute, creating the liability. It is *damnum absque injuria.* *Smith* v. *Alexandria*, 33 Gratt. 208.

2. IDEM—*Declaration—Demurrer.*—Where the specification of damages is rested in the declaration only upon the elevation of the grade of the street from which, as alleged, it results that plaintiff is obliged to maintain a wall to prevent earth falling from the street on his premises ; that ingress and egress is made inconvenient and unsafe ; that the value of his premises is diminished ; that his business has been injured, and that the flow of rain-water upon his premises causes further damages, a demurrer will lie.

Error to judgment of circuit court of city of Richmond, rendered May 30, 1884, sustaining.a demurrer to the declaration filed in a certain action of trespass on the case for damages, pending in said court, wherein Henry Kehrer, the plaintiff in error, was plaintiff, and the city of Richmond was defendant. Opinion states the case.

*S. D. Davis*, for the plaintiff in error.

*C. V. Meredith*, for the defendant in error.
VOL. LXXXI—94

LEWIS, P., delivered the opinion of the court.

The declaration alleges that the plaintiff is, and for many years has been, seized in fee of a certain house and lot fronting on Venable street, in this city, where he resides and carries on a mercantile business. That on the —— day of ——, 1883, the city, by its agents, under pretext of grading and improving the said street, wrongfully and unlawfully, and without the plaintiff's consent, threw earth from the street upon the premises of the plaintiff, so that the plaintiff was obliged, at his own costs, to remove the earth so thrown upon his premises, and to erect a barrier, of the height of four feet, along the whole front of his lot, to prevent the earth from falling upon and covering up his premises, and was furthermore obliged to erect a number of steps in order to have ingress and egress to and from his premises, etc.

"By reason of all which," the declaration avers, "the plaintiff is greatly damaged and injured *in this*, to-wit: that in order to prevent his said premises from being invaded and covered up by the earth and soil so wrongfully and unlawfully placed at and upon his said house and lot by the defendant as aforesaid, he is obliged to keep and maintain the said wall and barrier to a level with the said street, whereby and by reason of the said elevation of the grade of the said street, ingress and egress to and from his said house and store are rendered inconvenient and unsafe, the value of his said house and lot is greatly diminished, his business seriously impaired, rainwater finds easy access into his said house and store," causing great damage, etc.

A demurrer to this declaration was sustained by the judgment complained of, and the question thus presented is the single question to be determined.

Power to open streets and to grade and improve them is

conferred upon the city by its charter, and we are of opinion that upon well settled principles, the judgment is right.

If the ground of the complaint and alleged injury were the deposit of earth from the street upon the plaintiff's premises, undoubtedly the declaration would set forth a good cause of action, for which the plaintiff would be entitled to recover such damages as a jury, upon the facts of the case, might consider he had sustained. *Henderchott* v. *City of Ottumwa,* 46 Iowa, 658.

But it will be observed that no injury is alleged to have been sustained by the plaintiff on that ground, and, doubtless, for the reason that in point of fact no such injury has been sustained. The specification of damage in the declaration is placed upon another and very different ground—namely, *the elevation of the grade of the street,* from which it results, as alleged—1st. That the plaintiff is obliged to keep and maintain a barrier to prevent the falling of earth from the street upon his premises; 2d. That ingress and egress to and from his premises is rendered inconvenient and unsafe; 3d. That the value of his property has been diminished; 4th. That his business has been injured; and 5th. That the flow of rain-water upon his premises causes further damage, etc.

Such is the plaintiff's case, and upon these facts it is quite clear he is not entitled to recover.

The principle has nowhere been more emphatically asserted than by this court, in *Smith* v. *City Council of Alexandria,* 33 Gratt. 208, that a municipal corporation, acting within the scope of its powers, and with reasonable care and skill, in the opening, grading, and improving its streets, is not liable "to the adjoining owner, whose lands are not actually taken, for consequential damages to his premises, unless there is a provision in the charter of the corporation, or in some statute, creating the liability." And here the corporation has not

exceeded its authority, nor is it alleged that the work was prosecuted negligently or without reasonable care and skill. The injury complained of is, therefore, consequential, and the corporation is not answerable to the plaintiff.

This doctrine is not only well established, but appears to be universally recognized both in England and in this country, except, perhaps, in the State of Ohio. And "it rests," says the Supreme Court of the United States, "upon the soundest legal reason." *Transportation Company* v. *Chicago*, 99 U. S. 635.

And it is equally well established that, unless forbidden by statute, a municipal corporation has the power, whenever it sees fit to exercise it, to change the grade of its streets, either by elevating or reducing the natural surfaces, from which it results that purchasers and owners of property adjacent to the streets take and hold their property subject to this necessary and well understood power, and that the corporation is not answerable for damages which are merely incidental to the exercise of the power. *Smith* v. *Corporation of Washington*, 20 How. 135; *Callender* v. *Marsh*, 1 Pick. 418; 2 Dill. on Mun. Corp. (third ed.), section 989, *et seq.* and cases cited.

Nor are the cases to which the plaintiff refers in conflict with these views. Thus, in *Pumpelly* v. *Green Bay Co.*, 13 Wall. 166, the plaintiff's land was overflowed, and its value almost completely destroyed by reason of a dam erected by the defendant company in a navigable stream. The company defended on the ground that the dam having been built under authority of a statute for improving the navigation of the river, the plaintiff's loss was consequential, and, therefore, *damnum absque injuria.* But the defence was not sustained, the supreme court holding that the injury complained of was in effect *a taking* of property within the meaning of the constitutional provision that private property shall not be taken for public use without just compensation.

The same principle was applied in *Ashley* v. *Port Huron*, 35 Mich. 296. There a city was held liable for an injury to the plaintiff's house, resulting from the cutting of a sewer by the city authorities in such a manner as to cause the collection of large quantities of water which otherwise would not have flowed there, and which were thrown upon his premises. It was held that the injury was in the nature of a trespass and without lawful authority.

But such is not this case, and the distinction between the cases is broad and obvious, as is shown by the recent case of *Transportation Company* v. *Chicago, supra*, which is fully in accord with the views we have expressed.

Here the allegation in the declaration that "rain-water finds easy access into the house and store" of the plaintiff is, at most, no more than an allegation that surface water from the street flows upon the plaintiff's premises; and for this the corporation is not liable. Surface water, it has been said, is a common enemy, which every proprietor may fight or get rid of as best he may, provided it is not collected into *artificial channels*, and turned with increased force and destructiveness upon the adjoining land.

"It is clear," says Judge Dillon, "that there is no liability on the part of a municipal corporation for not exercising powers it may possess to improve streets, and, as part of such improvement, to construct gutters or provide other means of draining for surface waters, so as to prevent them from flowing upon the adjoining lots. And even when the work of graduating the streets has been entered upon, there is not ordinarily, if ever, any liability to the adjoining owner arising merely from the *non-action* of the corporation in not providing means for keeping surface waters from property situate below the established grade of the street." And for this proposition he cites numerous cases. 2 Dill. on Mun. Corp. (third ed.), section 1,041.

The result is, that the declaration before us is fatally defective. The property of the plaintiff has not been taken, nor have his rights been unlawfully invaded. And if, in consequence of the acts complained of, he has been obliged, as he avers, to erect a barrier for the protection of his property, or steps, in order to have ingress and egress to and from his premises, or if his business has been injuriously affected, and the value of his property diminished, it is a mere incidental injury, caused by the prosecution in a lawful manner, of a public improvement, for which there is no redress.

FAUNTLEROY, J., dissented.

JUDGMENT AFFIRMED.