HAYWARD ET AL. v. BOARD OF TRUSTEES OF THE
TOWN OF RED CLIFF.

1. MUNICIPAL POWERS.

The views expressed in *City of Durango v. Reinsberg*, 16 Colo. 327, in
respect to the powers of municipal corporations under the laws of
this state, approved.

2. POWERS IN RESPECT TO REAL PROPERTY.

An incorporated town or city may acquire and hold such real and per-
sonal property as may be necessary to enable it to carry on its cor-
porate business and exercise its proper municipal functions; but it
cannot lawfully engage in the business of buying, selling, or deal-
ing generally in real estate, either as principal or broker.

3. TOWN-SITE ENTRIES.

A municipal corporation may pay reasonable compensation for neces-
sary legal services in acquiring a town-site patent, but a contract
to pay attorneys " the sum of ten dollars ($10.00) for each and every
lot or parcel of lot actually sold and conveyed under and by virtue
of said patent, immediately upon the delivery of the deed or deeds
for the same unto the respective purchasers thereof," is illegal;
under such a contract (there being no limit as to the size or num-
ber of the lots) the trust property of the beneficiaries thereof might
be burdened to an indefinite amount and for an indefinite period;
and thus the compensation of the attorneys might be unreasonable
and unconscionable.

*Error to the District Court of Eagle County.*

ACTION for damages for breach of contract.   On demurrer
to complaint judgment was rendered in favor of defendant.
Plaintiffs bring the cause to this court by writ of error.

The complaint was founded upon a written contract as fol-
lows, to wit:

" Articles of agreements made and entered into by and be-
tween the town of Red Cliff, Eagle county, Colorado, a mu-
nicipal incorporation duly organized under and by virtue of
the laws of the state of Colorado, by its board of trustees, the
party of the first part, and William W. Cooley and John
Hayward, both of said Eagle county and state aforesaid, the
parties of the second part, witness:

" That the party of the first part for and in consideration
of sundry and divers sums of money advanced by the parties
of the second part and for work and service already done and
rendered by them, and for the further consideration of the
conditions hereinafter mentioned to be kept and performed
by the said parties of the second part, the party of the first
part do hereby warrant and agree to and with the said par-
ties of the second part to do and perform as follows, to wit:
To make, constitute and appoint, and by these presents it
does hereby make, constitute and appoint, parties of the sec-
ond part its true and lawful attorneys for it and in its name,
place and stead, to apply for and procure a United States
town-site patent in compliance with sections 2382, 2383, 2384,
2385, 2386 and 2387, or any other sections applying to town-
sites in the Revised Statutes of the United States of America,
and in accordance with the present approved plat of said town
on file in the office of the clerk and recorder of Red Cliff, to
pay unto said parties of the second part, their duly authorized
agents or attorneys, the sum of ten dollars ($10.00) for each
and every lot or parcel of lot actually sold and conveyed un-
der and by virtue of said patent, immediately upon the deliv-
ery of the deed or deeds for the same unto the respective
purchasers thereof, hereby authorizing and empowering the
duly authorized conveying agent of said town to pay said sum
or sums of money in the manner prescribed as a fee and remu-
neration for the services so to be rendered by the parties of the
second part, and the parties of the second part, for and in con-
sideration of the warrants and agreements hereinbefore men-
tioned to be kept and performed by the party of the first part,
do hereby warrant and agree to and with said party of the first
part, to immediately take and institute the proper and legal pro-
ceedings for the procurement of a United States patent as be-
fore mentioned ; that said patent shall be made out and issued
to the trustees of said town, for the use and benefit of the in-
habitants thereof as provided by law, to pay out all monies and
do all work necessary for said purpose at their own expense,
keeping a just and detailed account of the same, subject to

inspection of the trustees of said town, and to procure the issuance of said patent within the space of six months from the date of the insigning and delivery of these presents, unavoidable accident or delay excepted, and it is hereby further mutually warranted and agreed by and between the parties hereto that all other contracts, agreements or memoranda heretofore entered into between them, whether legal or otherwise, shall be declared null, void and of no effect; that in case the party of the first part shall in any manner violate or transgress any of the conditions of this contract, then and in that event, they shall pay unto the said parties of the second part a forfeiture amounting to the sum of five dollars for each and every lot sold under said patent in addition to the sum of ten dollars ($10.00) already herein contracted for, and that said town of Red Cliff shall in no wise be held responsible for any of the expenses incurred in the procurement of said patent, and that said parties of the second part are hereby obligated to procure a United States patent to such lots or parcel of ground only when the title thereof is still vested in the United States.

" In witness whereof the parties hereto have hereunto set their hands and seals this 10th day of April, A. D. 1883."

The averments of the complaint show performance of the contract by Hayward & Cooley; the assignment and transfer of the interest of W. W. Cooley, and the acquisition of an interest in the contract by Mary Barker Bates and L. E. Cooley.

The complaint then concludes with averments as follows:

" That thereafter and after the issuance of said patent, said town of Red Cliff for more than three years continued to keep and perform and carry out the terms and conditions of said contract by paying to the plaintiffs named herein the amounts due thereunder, as the same should become due, by the terms and conditions of said contract.

" That thereafter and during the year A. D. 1889, the said town of Red Cliff, defendant, further refused to carry out and keep or perform any of the terms and conditions of said

contract and has continued to sell and dispose of a large number of tracts and parcels of land embraced within the exterior boundaries of said town-site entry and conveyed to said Board of Trustees of said town of Red Cliff by United States patent, and although plaintiffs have demanded that defendant account to plaintiffs for the moneys received therefrom as provided under said contract, said defendant has wholly refused, and still refuses, to pay to plaintiffs the amount due to plaintiffs by reason thereof.

" That as plaintiffs are informed and verily believe, there is now due plaintiffs for and on account of said contract from said defendant the sum of two thousand dollars.

" Wherefore plaintiffs pray judgment," etc.

Mr. W. W. COOLEY, for plaintiffs in error.

Messrs. MONTGOMERY & JACOWAY, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The demurrer to the complaint is based upon two grounds: *first*, that there was want of authority on the part of the town board to enter into the contract sued on; *second*, that the contract is in derogation of the statutes of the United States under which the patent was to be applied for.

1. Under the laws of this state, " a municipal corporation can exercise only such powers as are granted to it by its charter or by the general law of the state, either in express words or by necessary or reasonable implication, or such as are incidental to the powers expressly granted, or such as are essential to the objects and purposes of the corporation." *City of Durango v. Reinsberg*, 16 Colo. 327.

Counsel for plaintiffs cite section 3310, chapter 109, General Statutes, concerning towns and cities as sufficient to uphold the contract sued on. The section reads as follows:

" Cities and towns organized as provided in this chapter shall be bodies politic and corporate, under such name and

style as they may select at the time of their organization, and may sue or be sued; contract or be contracted with; acquire and hold property, real and personal; have a common seal which they may change and alter at pleasure, and have such other privileges as are incident to corporations of like character or degree, not inconsistent with the laws of the state." Gen. Stats., p. 964.

2. Undoubtedly, an incorporated town or city may *acquire and hold* such real and personal property as may be necessary to enable it to carry on its corporate business and exercise its proper municipal functions; but it is idle to claim that a municipal corporation can lawfully engage in the business of buying, selling, or dealing *generally* in real estate, either as principal or broker.

3. The powers of cities and towns incorporated under the general laws of this state are specified in section 3312, General Statutes. It is not contended that this section expressly authorizes the contract sued on; but it is insisted that such contract is authorized by the statute of 1881 concerning "town sites." See Session Laws, 1881, p. 237; General Statutes, chap. 108.

The several acts of Congress referred to in the contract sued on were intended to confer certain privileges and benefits upon parties interested in town-site entries upon the public lands of the United States. The statute of 1881, *supra*, was intended as a supplement to such congressional legislation. It was competent for the corporate authorities of Red Cliff to employ counsel to assist them in obtaining a town-site patent from the United States, and to pay reasonable compensation for such legal services; but there is nothing either in the acts of Congress or in the statute of 1881 to authorize such a contract as was entered into in this case; nor does the complaint disclose facts tending to justify such a contract.

The acts of Congress do not require the corporate authorities of a town or city to apply for town-site patents; they merely confer the privilege of acquiring such patents upon

certain terms and conditions.  When a patent is acquired
the corporate authorities become charged with a trust which
they are required to execute in accordance with the law; and
they cannot lawfully enter into any contract by which to charge
the beneficiaries of such trust with unnecessary burdens.

The agreement of the town board to pay to Hayward &
Cooley " the sum of ten.dollars ($10.00) for each and *every
lot or parcel of lot* actually sold and conveyed under and by
virtue of said patent, immediately upon the delivery of the
deed or deeds for the same unto the respective purchasers
thereof," was calculated to increase the price of each lot or
parcel of lot to the purchaser, or else to materially depreci-
ate the benefit which the town would receive from the grant.
It was not competent for the corporate authorities to make a
contract charging the trust property or the beneficiaries there-
of to an indefinite amount, in addition to the charges author-
ized by the several legislative acts creating the trust and
providing for its execution.  The size of the lots or parcels
of lots was in no way specified or made certain by the con-
tract, and so the compensation to the attorneys under the
contract might be unreasonable and unconscionable.  The
contract is not only indefinite in amount, but is indefinite in
duration ; it is a continuing executory contract on the part
of the corporate authorities—a contract not contemplated by
the several legislative acts under which the patent was ac-
quired and in accordance with which the lands must be
disposed of ; it must, therefore, be held illegal, and its en-
forcement refused.

The district court did not err in sustaining the demurrer
to the complaint, and its judgment must accordingly be af-
firmed.

*Affirmed.*

MR. JUSTICE GODDARD, having determined this cause be-
low, did not sit at the hearing in this court.