| 95 | 73 |
| 97 | 584 |
| 95 | 73i |
| 101 | 440 |

# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## POWELL v. TOWN OF WYTHEVILLE.

### JULY 22, 1897.

1. MUNICIPAL CORPORATIONS—*Street Improvements—Damages—Negligence.*—A municipal corporation is not liable for consequential damages from improving its streets, where it exercises reasonable care and skill in the performance of the work which it is authorized to do, and no part of the lands of others is actually taken. But, in the absence of such care and skill, it is liable for all damages not necessarily incident to the work, and which are chargeable to the unskillful or improper manner of executing it.

Error to a judgment of the Circuit Court of Wythe county, rendered February 20, 1896, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*A. A. Campbell,* for the plaintiff in error.

*Bolling & Stanley,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court for Wythe county sustaining a demurrer to the plaintiff's declaration, which, omitting the formal parts, is as follows:

"For whereas the plaintiff on the 1st day of December, 1892, was and is now the owner in fee, possessed of a certain house and lot of ground on the southwest intersection of Church and Union streets, and running back between parallel lines on Union street about 190 feet, in the town of Wytheville, in Wythe county aforesaid; the said lot of ground being then and now enclosed by plank fences and palings, and used by the plaintiff as a residence, and garden and stable. And the plaintiff avers that up to the time of the act, or acts, of the defendant, its officers and agents, herein complained of, there was a ditch or depression or gutter running along Union street near the line of and running parallel with plaintiff's lot which emptied "into, first, a sink and depression in said street, and then into a flume or funnel leading into a culvert running under said Union street, a few feet beyond the line of said plaintiff's lot; which said ditch, depression, or gutter conveyed all the water that flowed from said street and plaintiff's lot aforesaid to said flume or funnel aforesaid, where it passed into its proper channel, and was carried off. And the plaintiff further avers that the defendant, its officers and agents, on the day and year aforesaid, unlawfully, wrongfully, negligently, carelessly, unskillfully, and injuriously, filled up the ditch, depression, or gutter, and in the place thereof, unlawfully, negligently, carelessly, unskillfully, and injuriously erected thereon an embankment of dirt and stone from four to six feet above the level and grade of Union street, and raised the grade of the flume or funnel, which carried off the water under Union street aforesaid, without cutting a ditch or constructing a drain, whereby the water flowing from plaintiff's lot and the streets aforesaid could escape as it hitherto had done, whereby a large portion, flowing from Church street and Union street, and plaintiff's lot, is held and retained on plaintiff's lot aforesaid by reason of and in consequence thereof.

"And plaintiff further avers that by reason of the unlawful, wrongful, careless, negligent, and unskillful construction of said

embankment as aforesaid, the earth thereon was rolled and thrown against and through the plaintiff's enclosure, and in and upon her said lot, greatly injuring same. And the plaintiff further avers that by reason of the erection and construction as aforesaid of said embankment, she has been cut off and prevented having access to her stables and other buildings and to her said lot, with horses, carriages, wagons, and other vehicles.

"And the plaintiff further avers that said embankment so unlawfully, wrongfully, carelessly, and negligently made and maintained by the defendant is a nuisance, greatly injurious and damaging to the plaintiff, and that by reason of the maintenance thereof she is greatly hindered and impeded, in fact, almost entirely debarred access to her stables and outbuildings."

The town had the right "to close or extend, widen or narrow, lay out, graduate, curb and pave and otherwise improve streets, sidewalks, and public alleys in said town, and have them kept in good order, and properly lighted," under authority conferred by the Legislature (Acts 1885-'6, p. 298). If it exercised reasonable care and skill in the performance of the work authorized it would not be answerable to owners of adjacent lots whose lands are not actually taken for consequential damages. But if the work it was thus authorized to do was not executed in a proper and skillful manner, there arose a common-law liability for all damages, not necessarily incident to the work, and which are chargeable to the unskillful or improper manner of executing it. This is the well-settled doctrine in this State, and generally, it is believed. *Smith* v. *City of Alexandria,* 33 Gratt. 208, 211, 213; *Kehrer* v. *City of Richmond,* 81 Va. 745. See also *Home Building Co.* v. *City of Roanoke,* 91 Va. 54; *N. & W. R. Co.* v. *Carter,* 91 Va., 587, 592-'3; *Terry* v. *City of Richmond,* 94 Va. 537; 2 Dillon on Mun. Corp (4th Ed.), sections 987 to 990, and 1039 to 1041.

The complaint in this case, as stated in the declaration, is not for the mere work which was done on the street, a work which the defendant was authorized to do, but also for damage

for the negligent and improper manner in which the work was done, causing damage. Whether in doing the work it was necessary to fill up the ditch, depression, or gutter, and, if necessary, whether it was practicable to substitute other sufficient ditches and gutters to take the water off, are matters of fact to be considered on the trial in connection with the other circumstances and facts of the case in determining the question of whether the defendant was guilty of negligence in executing the work. *Smith* v. *City of Alexandria, supra.*

We are of opinion, therefore, that the judgment complained of should be reversed, the demurrer overruled, and the cause remanded to be further proceeded in.

*Reversed.*