BLOSS *v.* BOARD OF SUPERVISORS OF JACKSON COUNTY.

1. COUNTIES — MUNICIPAL CORPORATIONS — WILLS — SUPERVISORS, BOARD OF—CONSTITUTIONAL LAW.

     A. devise of real estate to a county is valid.   1 Comp. Laws, § 2441; Const., art. viii, sec. 7.

2. SAME.

     Municipal corporations hold their property as trustees for the common benefit.

3. SAME—WILLS—ESTATES OF DECEDENTS.

     That the will specifies no particular use to which the property is to be applied, does not avoid the conveyance.

     BIRD, J., dissenting.

Case-made from Jackson; Parkinson, J.   Submitted April 10, 1911.   (Docket No. 56.)   Decided May 31, 1912.

Assumpsit by Jennie Bloss and others against the board of supervisors of the county of Jackson for a sum of money paid to said county out of the estate of William Wooley, deceased.   A judgment for defendant sustaining a demurrer to plaintiffs' declaration is reviewed by plaintiffs on writ of error.   Affirmed.

*Grove H. Wolcott*, for appellants.

*Nathan E. Bailey*, for appellee.

BLAIR, J.   The plaintiffs in this case are all of the heirs at law of William Wooley, deceased, who was a resident of Jackson county at the time of his death, January 24, 1908.   William Wooley left a last will and testament in which he made the county of Jackson sole legatee of all his real and personal estate, without condition or qualification or the designation of any use or purpose to be made by the county of the property so devised.   The testator's property consisted of a farm of the value of $2,000 and personal property valued at $300.

On account of debts proved against said estate and the provision in said will for a monument and the expenses of administration, the executor applied to the probate court for, and was granted, license to sell the land for the payment of debts, expenses of administration, and erection of monument, and, after the payment of such items, there remained in the hands of the executor the sum of $1,525.02, which, by the order of the probate court aforesaid, the executor paid to the treasurer of the county of Jackson, which sum has been specially deposited in bank by order of the board of supervisors.

This suit is brought to recover the said sum of $1,525.02 and interest by the plaintiffs, heirs of said William Wooley, on the theory that the devise to the county was void for uncertainty in not specifying the purpose of the gift or the use to be made of the same in keeping with the authority of the county as to the receipt, use, and appropriation of money or property.

A demurrer was filed to the plaintiffs' declaration which was sustained, and judgment on demurrer entered, to review which, plaintiffs prosecute this writ of error.

By the State Constitution the board of supervisors possesses "such powers as shall be prescribed by law." Section 2441, 1 Comp. Laws, authorizes each organized county "to purchase and hold real and personal estate for the use of the county," etc. There is no statute in this State which prohibits a board of supervisors acquiring land by deed of gift or devise, and the language of the statute is broad enough to justify the interpretation that the legislature intended to grant power to hold property for the use of the county, however acquired. *Raley* v. *Umatilla County*, 15 Or. 172 (13 Pac. 890, 3 Am. St. Rep. 142); *Chambers* v. *City of St. Louis*, 29 Mo. 543; *Bell County* v. *Alexander*, 22 Tex. 350 (73 Am. Dec. 268); *Carder* v. *Board of Commissioners*, 16 Ohio St. 353.

As remarked by Mr. Justice CAMPBELL, in *Penny* v. *Croul*, 76 Mich. 471 (43 N. W. 649, 5 L. R. A. 858), "All municipal corporations hold their property as trus-

1912]   BLOSS v. JACKSON CO. SUPERVISORS.   609

tees for the general benefit," and, although lands can only be acquired for the use of the county and such uses are specified in other sections of the statutes, the fact that the devise does not specify the particular use to which the property is to be applied does not, in our opinion, invalidate the devise. Rood on Wills, § 200; *Fulbright* v. *Perry County*, 145 Mo. 432 (46 S. W. 955); *Gilmore* v. *Hayworth*, 26 Tex. 89; *Carder* v. *Board of Commissioners, supra; Rood* v. *Winslow*, 2 Doug. (Mich.) 68.

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, STONE, and OSTRANDER, JJ., concurred with BLAIR, J.

BIRD, J. (*dissenting*). I am unable to concur in the conclusion of Mr. Justice BLAIR in this case that the county of Jackson has the capacity to take and hold the farm devised to it. The county of Jackson is a creature of the Michigan legislature, and, as such, has only such powers as have been conferred upon it by that body. The legislature has authorized counties "to purchase and hold real and personal estate for the use of the county." 1 Comp. Laws, § 2441. It is said that this language is broad enough to be construed into an express grant to counties to purchase and hold real estate unrestricted as to its use.

Dillon on Municipal Corporations lays down the rule of construction for such language as follows:

"General authority to purchase and hold property should, doubtless, be construed to mean for purposes authorized by the charter, and not for speculation or profit. * * * It can only take and hold such property as a means of carrying out or accomplishing the declared and specified purposes and objects of the corporation." 3 Dillon on Municipal Corporations, § 977.

See, also, *Markley* v. *Village of Mineral City*, 58 Ohio St. 430 (51 N. E. 28, 65 Am. St. Rep. 776); *Duncan* v. *City of Lynchburg* (Va.), 34 S. E. 964 (48 L. R. A. 331); *Hayward* v. *Town of Red Cliff*, 20 Colo. 33 (36

170 MICH.—39.

Pac. 795); *Sherlock* v. *Village of Winnetka*, 59 Ill. 389; *Bloomsburg Land Improvement Co.* v. *Bloomsburg*, 215 Pa. 452 (64 Atl. 602); *Hunnicutt* v. *City of Atlanta*, 104 Ga. 1 (30 S. E. 500); 20 Am. & Eng. Enc. Law (2d Ed.), p. 1184; 28 Cyc. p. 605.

This rule of construction appears to be generally accepted as the true rule save in a few jurisdictions where the statute in plain terms authorizes the taking and holding without regard to use. Nearly all of the authorities cited by Mr. Justice BLAIR in support of his construction are cases where either the statute unqualifiedly authorized the acceptance or where the municipality was made a trustee for some particular purpose which was within the scope of its municipal authority. The Michigan case cited was one where the county accepted a mortgage to secure the payment of a fine. The cases are unlike the one under consideration where it is said the county has authority to purchase a farm without any limitation as to its use.

If the legislative authority of counties to purchase and hold real estate is to be construed as sufficiently broad and unrestricted to accept this devise, is there anything to hinder the county of Jackson from purchasing another farm, a manufacturing plant, or a gristmill? If it can purchase a farm, would it not follow that it could operate it, and, if it did so at a loss, could it tax the people of that county to meet the deficiency? Could it use the county funds to restore farm buildings destroyed by fire or cyclone? If it can buy one farm without having its use defined, may it not purchase twenty? These queries suggest some of the dangers attendant upon such a power.

In my opinion, the rule of construction which will best conserve the public good is one that will prevent the purchase of real estate by municipalities without a designation of the use that is to be made of it.

The judgment of the trial court should be reversed, and a new trial ordered.