## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## LYNCHBURG & RIVERMONT STREET RAILWAY CO. v. DAMERON & OTHERS.

### JANUARY 27, 1898.

#### Absent, Cardwell, J.

1. CHANCERY JURISDICTION—*Suit by One or More Taxpayers to Enjoin Municipal Corporation from Levying Illegal Tax, or Incurring an Unauthorized Debt.*—Courts of equity have jurisdiction, on the application of one or more taxpayers of a municipal corporation, suing for the benefit of themselves and all others similarly situated, to enjoin the corporation and its officers from levying and collecting an unauthorized tax, or creating an unauthorized debt. It is immaterial whether the debt was wholly unauthorized, or authorized only upon conditions which have not been complied with, or that the securities for it would be void in the hands of an innocent holder.

2. MUNICIPAL CORPORATIONS—*Power to Become Surety, Guarantor or Endorser—Limit of Powers.*—The power conferred on a city to acquire suitable works and machinery for the generation of electricity for the use of the city and its inhabitants, and to do all things necessary or proper to carry into effect the powers conferred does not authorize the city to guarantee the bonds of another corporation, in which it has no interest, to enable it to furnish electric lights to the city and its inhabitants. The powers of municipal corporations are limited to those granted in express terms, those necessarily or fairly implied in or incident to the powers expressly granted, and those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. The right to become surety, guarantor or endorser for another is not within any of these limitations. It is immaterial that the city is protected from loss as such surety, guarantor, or endorser.

Appeal from a decree of the Circuit Court of the city of Lynchburg, pronounced December 5, 1895, in a suit in chan-

cery, wherein the appellees were the complainants, and the appellant and the city of Lynchburg were the defendants.

*Affirmed.*

The opinion states the case.

*Blackford, Horsley & Blackford* and *F. S. Kirkpatrick,* for the appellant.

*Harrison & Long* and *Caskie & Coleman,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The bill in this case was filed to restrain the city of Lynchburg, its officers and agents, from endorsing or guaranteeing certain bonds which the Lynchburg and Rivermont Street Railway Company, the appellant here, proposed to issue, and which the city had agreed to guarantee; and to annul that agreement upon the ground that it was *ultra vires,* and void.

The jurisdiction of a court of equity to restrain a municipal corporation and its officers from levying and collecting an unauthorized tax, or from creating an unauthorized debt, upon the application of one or more tax-payers of the corporation, who sue for the benefit of themselves and all others similarly situated, is too well settled to admit of dispute. *Bull* v. *Reed,* 13 Gratt. 78; *Eyre* v. *Jacob,* 14 Gratt. 422; *Redd* v. *Supervisors,* 31 Gratt. 695; *Roper* v. *McWharter,* 77 Va. 214; *Crampton* v. *Zabriskie,* 101 U. S. 601; 2 Dillon Mun. Corp., secs. 914, &c.; 1 Pom. Eq. Jur., sec. 260. And this jurisdiction is exercised not only in cases where the corporation has authority under certain conditions, which have not been complied with, to make subscriptions, or lend its credit to another corporation, but it is also exercised in cases where it has no authority to make such subscriptions, or lend such credit under any circumstances.

The fact that securities, when issued by a municipal corpo-ration, may be void in the hands of innocent holders, is no suffi-cient reason why the tax-payers of the corporation should not have the right to call upon a court of equity to prevent them from being issued, and thus avoid the threatened wrong and provide a remedy which will at once reach the whole mischief, secure the rights of all, both for the present and the future, and thus avoid a multiplicity of suits. *Bull* v. *Reed, supra,* 1 Pom. Eq. Jur., sec. 260; 2 Dillon on Mun. Corp., secs. 914, 915 and 916; *Crompton* v. *Zabriskie,* 101 U. S. 601; 2 High on Injunctions, sec. 1282; *Mayor* v. *Radocke,* 49 Md. 217, 231-2; *Blake* v. *Mayor,* 53 Ga. 173.

Immediately preceding this litigation the city of Lynchburg and the appellant had entered into a contract by which the latter had undertaken to furnish electric lights for the city. In order to render the service contracted for, the appellant under-took to erect an entirely new power station in which the city was to aid it. The provision of the contract by which the city agreed to aid the appellant, and the validity of which is attacked in this case, is as follows:

"XVIII. That in order to aid the said company in the con-struction of the said power station, plant and equipment, for the fulfilment of this contract, it is further agreed that the said company shall execute a mortgage upon the entire plant and equipment to be constructed, to secure to the holders thereof its coupon bonds, in such denominations as it shall see fit, to the amount of forty thousand dollars ($40,000), to run ten years from the date of said bonds and mortgage (which shall be as soon as the said plant and equipment are erected, and have been accepted as hereinafter mentioned), which said bonds shall bear interest at the rate of five *per cent. per annum,* payable semi-annually, and shall be non-taxable by the city of Lynchburg. The mortgage aforesaid shall be the first lien upon the entire light plant, and the said city agrees to guarantee to the holders thereof the payment of the principal of said bonds, and interest thereon."

It is settled law in this State that a municipal corporation possesses and can exercise the following powers and none others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; and third, those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. *Winchester* v. *Redmond,* 93 Va. 711, and cases cited; 1 Dillon on Mun. Corp., sec. 89.

There is no claim that the city was expressly authorized to guarantee the bonds of the appellant. The contention is that, being authorized by its charter, to erect, purchase, lease or otherwise acquire suitable works, machinery, &c., for the generation of electricity for the use of the city and its inhabitants, and to do all things which may be necessary or proper to carry into effect the powers conferred upon it, or which may be necessarily incident to a municipal corporation (Acts 1883-4, Ch. 124, sec. 3, p. 121; Acts 1887, Ch. 302, sec. 7, clause 37, p. 399), it had the implied power to make the contract.

To sustain this view, it is argued that since the object intended to be attained by the contract for guaranteeing the bonds of the appellant was a proper one, and within the powers of the city council; and that, having the right to expend the moneys of the city *directly* for that object, the council had the implied or incidental power to secure the same result *indirectly,* by aiding the appellant in doing it; and that, instead of expending money for that purpose, it could lend the credit of the city to the appellant, especially where it took ample security to protect the city from loss, and an option to purchase the electric plant at some future time if the city desired to do so.

The general rule is that the officers or governing body in a corporation, whether public or private, have no implied power to bind it as the surety, endorser or guarantor for another in a business in which it has no interest. Such a transaction is not within the scope of its business. Their authority to bind

it by contracts in its name is of the same general character as that by which a partner binds his firm.  If they contract in a matter to which the  business of  the  corporation or partnership does not extend, their engagements are not valid as against the corporation or the firm for want of authority to bind those in whose behalf they assume to act. *The Bank of Genesee* v. *The Patchen Bank*, 13 N. Y. 309, 314; *Stewart, Brown & Co.* v. *Hoy*, 43 Penn. St. 191; Jones on Corporations and Mortgages, sec. 280.

The city of Lynchburg had no interest in the bonds to be guaranteed, nor in the corporation by whom and for whose benefit they were to be issued.  Its council, therefore, had no power to bind it to guarantee these bonds, unless it be true that for every act for which an agent may expend his principal's money he can bind his principal as guarantor.  For municipal corpo-: rations are mere agencies of the State for the accomplishment of certain ends, and in the exercise of their powers are governed by the same general principles which govern in cases of principal and agent.  The authority to expend the principal's money in doing a particular act for the principal's benefit is altogether different from lending the principal's credit to another to enable him to do the same act for himself, and in which, when done, the principal has no interest.  The two things are so different, as was said in the case of the *Louisiana State Bank* v. *Orleans Navigation Co.*, 3 La. Ann. 294, 309, that it is difficult on legal principles to  establish  anything like  any approximation between them.  The investment or  expenditure  of money, and the loaning of the credit of the principal under the law of mandate are not governed by the same rules.  The open and direct appropriation and expenditure of money by the officers of a municipal corporation has nothing in common with the contingent and long continuing contract of suretyship.

In the case of *Richmond, &c. Co.* v. *West Point*, 94 Va. 668, one of the questions discussed, though not the question directly involved, was, whether a municipal corporation which had the

power to purchase property upon a credit and bind itself by bond or promissory note for its payment, could borrow money in order to buy the same property. Keith, P., in delivering the opinion of the court, said: "It is conceded that the power to contract to pay A $10,000 at the end of the year, for certain work, and the power to borrow $10,000 of B, upon a credit of a year, for the purpose of paying A for doing the work, might seem at first sight to be substantially identical. The amount is the same, and the time of payment the same, the creditor only is different. "But," says the court (quoting from a New York case), "a little examination will show that there is a very material difference between the two. If the power of the corporation to use its credit is limited to contracting directly for the accomplishment of the object authorized by law, then the avails or consideration of the debt created cannot be diverted to any illegitimate purpose. The contract not only creates the fund, but secures its just appropriation. On the contrary, if money be borrowed, the corporation will be liable to repay it, although not a cent may ever be applied to the object for which it was avowedly obtained."

If such a corporation, under the facts assumed in that case, has no implied power to borrow money for its own purposes, *a fortiori*, it will have no power to become the surety, endorser, or guarantor of another corporation to enable it to borrow money for its purposes.

It is clear upon principle that a municipal corporation which has authority to expend corporate funds in doing a particular act, cannot lend its credit to another to enable it to do the same act without legislative authority. While the authorities upon this precise point are not numerous, they fully sustain this view.

Mr. Dillon, in his Work on Municipal Corporations (4th ed.), sec. 471, says: "A municipal corporation *cannot without legislative authority* become the surety for another corporation or individual; cannot guarantee the bonds or obligations of another, or make accommodation endorsements. Such authority

cannot be implied or deduced from the general or usual powers conferred upon such corporation, although such corporation may have power to accomplish a certain object, and expend its revenues or money therefor, yet this does not give or include the power to lend its credit to another who may be empowered to effect the same object."

In the case of *Louisiana State Bank* v. *Orleans Navigation Co., supra,* where this question is very fully and ably discussed, it was held that the city of New Orleans did not have authority to guarantee the bonds of the Orleans Navigation Company to enable it to do an act which the city was authorized to do, although security was provided for in the contract to protect the city from loss by reason of the guaranty.

In the case of *Blake* v. *Mayor,* 53 Ga. 173, it was held that an act of the legislature which authorized a municipal corporation to subscribe for stock in railroads and to issue bonds to pay for the same, did not authorize it to contribute to a railroad by endorsing its bonds.

We are of opinion that there is no error in the decree complained of, and that it should be affirmed.

*Affirmed.*