# CIRCUIT COURT OF LOUDOUN COUNTY

Town of Purcellville

v.

Loudoun County

March 13, 2007

Case No. (Law) CL 41703

BY JUDGE THOMAS D. HORNE

The instant case involves a dispute between the Town of Purcellville and County of Loudoun. It arises out of an annexation agreement between the parties and a joint land management plan developed in accordance with the agreement. The Town asserts that it is entitled to participate in a consistency determination or a commission permit review process with the County outside the corporate limits of the Town but within the joint planning area. At issue is the consistency determination of the location of a proposed high school.

A plea in bar and motion to dismiss were filed by the County, but have been denied for reasons not relevant to a consideration of the singular issue remaining in this case.

Local governments in Virginia, may, as a means of addressing orderly growth and for the protection of the viability of such localities in the Commonwealth, enter into voluntary annexation agreements. Va. Code Ann. § 15.2-3400. Such agreements may include, among other things, arrangements involving land use, zoning, and subdivision controls. Once approved, the agreement binds not only the then existing governing bodies but future town councils and boards of supervisors as well. Prior to being acted upon by a special annexation court, such agreements are subject to review by the

Commission on Local Governments. The Report of the Commission dated January 1994, and which preceded the instant annexation, has been made a part of the record in this case. It is noted in the Report that:

> In 1979, the General Assembly amended the annexation laws of the Commonwealth to authorize towns to negotiate agreements with contiguous counties which permit the municipality to annex, in accordance with conditions specified in such agreements, merely by adoption of a municipal ordinance. Thus, where town annexations are pursued under such agreements, the State's general annexation process whereby proposed boundary changes are decided by the courts subsequent to Commission review is supplanted by the simple and direct process of annexation by municipal ordinance. The formal and final adoption of such an agreement by a town and county, however, divests the town permanently of its authority to seek status as an independent city.

*See*, Va. Code Ann. § 15.2-3231.

Agreements, such as the one between Purcellville and the County of Loudoun, are required to provide, "for the regular and orderly growth of the town in conjunction with the county and for an equitable sharing of resources and liabilities." *Id.*

On November 16, 1994, the Town of Purcellville and the County of Loudoun entered into an Annexation Agreement providing for a joint comprehensive plan for the development of an Urban Growth Area around the Town of Purcellville. In exchange, among other things, for the relinquishment by the Town of its right to seek independent city status and to seek no further annexations outside the Urban Growth Area for a period of fifty years, Purcellville obtained the right to annex simply by means of a local ordinance land located within the designated Urban Growth Area and subject to joint planning with the County. A number of annexations have occurred in accordance with the agreement since it became effective on January 1, 1994.

The issue presently before the Court concerns the rights of the parties to the Annexation Agreement to participate in compliance reviews within the joint planning area.

In May of 1995, the Town and County, pursuant to the Annexation Agreement, adopted a joint comprehensive plan known as the "Purcellville Urban Growth Area Management Plan" or, as it is otherwise known, "PUGAMP." The "PUGAMP" was subsequently amended in 1999 to include

"Phasing Guidelines for Land and Urban Growth Area." In addition to PUGAMP, both the Town and County have developed their own comprehensive plans.

Absent an Annexation Agreement, the Town and County could nevertheless participate in joint land planning activities. Thus, a joint comprehensive plan could be developed (Va. Code Ann. § 15.2-2231); extra-territorial subdivision authority might be granted the Town (Va. Code Ann. § 15.2-2248); and the power to rezone and to grant special exceptions granted the Town upon annexation.

While the Annexation Agreement and PUGAMP are silent with respect to the commission review process, this does not mean the concept of joint consistency review with the joint comprehensive plan violates the terms of the agreement or constitutes an unwarranted extra-territorial extension of the Town's authority. Silence does not suggest intent to undermine the expectations of the parties concerning a planning partnership in matters of land use and development.

In the instant case, it is suggested that the County School Board seeks to build a high school on a tract located outside the corporate limits of the Town. However, this property is identified on the plan as lying within the area identified as subject to future annexation and planned for future development in accordance with the Joint Comprehensive Plan developed by the parties in accordance with the Annexation Agreement. The location of the school may or may not evoke the power of review in accordance with the provisions of Va. Code Ann. § 15.2-2232, which provides in pertinent part that:

> [w]henever a local planning commission recommends a comprehensive plan or part thereof for the locality and such plan has been approved and adopted by the governing body, it shall control the general or approximate location, character, and extent of each feature shown on the plan. Thereafter, unless a feature is already shown on the adopted master plan or part thereof ... no public building or public structure ... shall be constructed, established, or authorized, unless and until the general location or approximate location, character, and extent thereof has been submitted to and approved by the commission as being substantially in accord with the adopted comprehensive plan or part thereof. In connection with any such determination, the commission may, and at the direction of the governing body shall, hold a public hearing, after notice. . . .

Va. Code Ann. § 15.2-2232.

The parcel upon which the school is projected to be built is zoned "Joint Land Management Area 3."

As noted, the Town contends that it should, if applicable, share with the County in the commission review process described above. The County suggests no such review by the Town outside the corporate limits of the Town is provided for by statute, in the Annexation Agreement, or the PUGAMP. Thus, lacking statutory foundation or specific authorization, review by the Town is inappropriate pending annexation of the affected area.

As a rule of construction, when a statute or ordinance addresses specific persons or things, an inference arises that those persons or things not mentioned were intended to be excluded from consideration as to such statute or ordinance. This is known as the rule of *expressio unius est exclusio alterius*. In the instant case, the Annexation Agreement and PUGAMP, while specifying the rights of the parties relative to land use planning for the future annexation area, are silent with respect to the power of the Town to conduct consistency reviews of public facilities on property outside the corporate limits.

As a general principle, the extension of the power of a municipality beyond its corporate boundaries is forbidden, absent an express legislative grant. *Richmond v. Board of Supervisors*, 199 Va. 679 (1958).

However, neither the rule of *expressio unius* nor the general limitation on the power of a municipality to act outside its corporate limits impacts the ability of the Town of Purcellville to participate in making consistency determinations relating to the joint comprehensive planning area of the County governed by the Annexation Agreement and PUGAMP.

As counsel for the Town has observed, the Annexation and PUGAMP create a "one-of-a-kind land use management framework for the JLMA" (Joint Land Management Area). The PUGAMP is a joint comprehensive plan and the offspring of a unique land planning partnership that has its beginnings in a judicially sanctioned annexation agreement.

Being a joint plan, both the County and Town, are initiators of the Plan. The Annexation Agreement provides that the planning commissions of both jurisdictions would participate in the review of the document prepared by the unique Joint Comprehensive Plan Committee provided for in the Agreement. It was unnecessary for the parties to address the commission permit review process in the Annexation Agreement or PUGAMP because the right to review was inherent in the right to participate in the planning process.

Thus both the County and Town are charged with the cooperative responsibility and right to participate in the review of public facilities not shown on the Plan to determine whether such changes are in substantial accord with the adopted Plan. Va. Code Ann. § 15.2-2232. To the extent that

the County argues that the Town may only participate in the commission permit review of features shown within the municipal limits, that argument is rejected. By agreement, the Town and County consented to the extension of the Town's comprehensive planning authority into the Joint Land Management Area (JLMA). In so doing, they acted in conformity with express legislative grant:

> Any municipal plan may include the planning of adjacent unincorporated territory to the extent to which, in the municipal local planning commission's judgment, it is related to the planning of the incorporated territory of the municipality. However, the plan shall not be considered as a comprehensive plan for such unincorporated territory unless recommended by the county commission and approved by the governing body of the county.

*See*, Va. Code Ann. § 15.2-2231.

The County recognizes in its own plan that both the Town and County must approve any amendments to the PUGAMP.

PUGAMP is the product of a voluntary annexation agreement. Va. Code Ann. § 15.2-3400. The JLMA identified by PUGAMP provides the framework for future growth and the extension of the corporate limits of the Town. The Agreement and PUGAMP provide a cooperative approach to the location and use of 3100 acres (4.7 square miles) of land surrounding the incorporated Town of Purcellville located in western Loudoun County. The expectations of the parties are clearly identified in the Agreement and PUGAMP, as are methods and procedures to achieve the identified planning objectives. Nothing in the Annexation Agreement or PUGAMP would suggest that a failure to comment upon the commission permitting process in those documents implies an intent contrary to the cooperative goal and dispute resolution procedures set forth by the parties.

Accordingly, the Court finds that the provisions of Va. Code Ann. § 15.2-2232 apply to commission permit review and that the Town and County have joint and concurrent authority to review and approve the location of public facilities within the JLMA. Once properties are incorporated into the Town in accordance with the Annexation Agreement, the corporate limits of the Town would dictate municipal review and not the sanctioned agreement with the County. Contrariwise, until such time as areas in the PUGAMP are

annexed within the Town, the County would retain an equal say in the commission permit review process.

The Court makes no finding with respect to whether, in the case of the school site mentioned in this case, a commission consistency review is required. Resolution of that issue is for another day. The objection to the testimony offered by the Town relating to the motion for declaratory relief is sustained, and the motion to strike such evidence is granted. Such testimony is not relevant to the resolution of the issue before the Court.

A means of resolving disputes is provided for by the Annexation and PUGAMP that would be equally applicable to consistency determinations as to other controversies between the parties.